NO. 07-05-0142-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 29, 2005

_____

TERRY L. MATTHEWS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;

NO. 2004-487343; HONORABLE L.B. RUSTY LADD, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, appellant Terry L. Matthews was convicted by a jury of driving while intoxicated, enhanced by a prior conviction for driving while intoxicated, and punishment was assessed at 120 days confinement in the county jail. Both the clerk's record and reporter's record have been filed. Appellant's brief was originally due to be filed

on August 24, 2005. Three extensions of time have been granted and the brief has yet to be filed. Retained counsel was notified by letter dated October 25, 2005, that failure to file the brief by November 9, 2005, would result in application of Rule 38.8(b) of the Texas Rules of Appellate Procedure. Counsel did not respond and the brief remains outstanding.

Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;
2. whether appellant is indigent and entitled to appointed counsel;
3. whether retained counsel for appellant has abandoned the appeal; and
4. whether appellant has been denied effective assistance of counsel given counsel's failure to file a brief.

The trial court shall cause a hearing to be transcribed. Should it be determined that appellant does want to continue the appeal and the court determines that present counsel should be replaced, the name, address, telephone number, and state bar number of the newly-appointed or newly-retained counsel shall be provided to the Clerk of this Court. Finally, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the

hearing shall also be included in the appellate record.  Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, December 30, 2005.

It is so ordered.

Per Curiam

Do not publish.